**Patrice Aime TCHOKOTHE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–3596.

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2004.

Richard A. Kulics, Birmingham, MI, for Petitioner.

Michelle Thresher, Washington, DC, for Respondent.

Before MERRITT, MOORE and GILMAN, Circuit Judges.

## ORDER

Patrice Aime Tchokothe petitions for judicial review of an order of the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's finding that he was subject to removal as an illegal alien. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Tchokothe is a native and citizen of Cameroon, who entered the United States as a non-immigrant visitor in 2000. He subsequently admitted that he had remained in this country beyond the time that was permitted by his visa; however, he also applied for asylum, the withholding of removal, and relief under the United Nations Convention Against Torture. Tchokothe primarily alleged that the secret police threatened his life because he had written articles and published a music album that were critical of the government in Cameroon. An immigration judge ("IJ") denied Tchothe's applications for relief because this testimony was not credible and was not corroborated, and because he had not demonstrated a well-founded fear of persecution. The BIA affirmed that the decision in a per curiam opinion on April 2, 2003.

Tchokothe argues that the BIA violated his right to due process because it did not expressly analize all of his claims. However, our court has upheld the BIA's streamlined appeals procedure against both administrative law and due process challenges, even when it affirms an IJ "without opinion." *Denko v. INS*, 351 F.3d 717, 727–30 & n. 10 (6th Cir.2003). Thus, the BIA's per curiam opinion did not violate Tchokothe's right to due process.

Tchokothe's current brief does not contain any clear challenge regarding the de-

nial of his claim under the Convention Against Torture. Therefore, he has abandoned that claim for purposes of judicial review. *See United States v. Mick*, 263 F.3d 553, 567 (6th Cir.2001).

To obtain asylum, Tchokothe must show that he is a refugee, whose application merits a favorable exercise of administrative discretion. *See Mikhailevitch v. INS*, 146 F.3d 384, 389 (6th Cir.1998). A refugee is an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). A petition for judicial review should not be granted unless the evidence is so compelling that a reasonable adjudicator would have to find the requisite fear of persecution. *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir.2001). To qualify for the withholding of removal, Tchokothe must show a "clear probability of persecution." *INS v. Stevic*, 467 U.S. 407, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984).

■ Tchokothe argues that the IJ improperly based his credibility finding on minor discrepancies and a lack of corroborating evidence. However, the IJ noted several credibility issues that went to the heart of Tchokothe's claim. *See Yu v. Ashcroft*, 364 F.3d 700, 703–04 (6th Cir. 2004). For example, there is conflicting testimony and evidence regarding the year in which he began working as a journalist and the timing of the distribution of a music cassette was inconsistent with the assertion that he was "in hiding" in 1999. He did not corroborate his work as a journalist as he said he would, by obtaining copies of articles or by obtaining statements from his employer. The IJ was entitled to find that the lack of promised corroborating evidence and serious inconsistencies had placed his credibility in

doubt. *See Chebchoub v. INS*, 257 F.3d 1038, 1043–45 (9th Cir.2001). Tchokothe has not shown that any reasonable adjudicator would be compelled to reach a different credibility finding than the IJ. *See* 8 U.S.C. § 1252(b)(4)(B); *Yu*, 364 F.3d at 703–04.

Tchokothe argues that the IJ abused his discretion by denying his applications for relief. However, the IJ did not reach the discretionary step in denying his claims. The IJ simply found that Tchokothe had not shown that he was a refugee within the meaning of § 1101(a)(42)(A), because his testimony was not fully credible and he had not shown that his prior activities had placed him in danger should he return. Although State Department reports for February 25, 2004, point out undisputed human rights abuses in Cameroon, Tchokothe's testimony does not state a persuasive case that he will become the subject of such abuses. Tchokothe's conclusory arguments do not satisfy his burden of showing that the failure to grant discretionary relief was "manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D).

The evidence in this case does not compel a finding that Tchokothe is a refugee because it does not show that he was persecuted in the past or that he has a well-founded fear of persecution in the future. *See Yu*, 364 F.3d at 704; *Koliada*, 259 F.3d at 487–88. Consequently, he has not established eligibility for asylum, and he is necessarily unable to meet the more rigorous standard that is required for the withholding of removal. *See Koliada*, 259 F.3d at 489.

■ Finally, Tchokothe argues that he was denied due process because the IJ was biased against him. However, the IJ's conduct during the hearing did not rise to the level of a due process violation, even though he questioned Tchokothe pointedly

about the perceived inconsistencies in his testimony and his failure to produce corroboration after stating that he would do so. *See Mikhailevitch,* 146 F.3d at 391–92.

Accordingly, the petition for judicial review is denied.